## SAMUEL v. FEDERAL UNDERWRITERS EXCHANGE.

### No. 3730.

Court of Civil Appeals of Texas. Beaumont.

Nov. 11, 1940.

Rehearing Denied Nov. 20, 1940.

612

Heaner, Pierson, Dawson & Hatten, of Houston, for appellant.

Sharfstein, Bell, Weinert & Nelson, of Beaumont, for appellee.

O'QUINN, Justice.

This suit is an appeal from an award of the Industrial Accident Board, brought by Lonzo Samuel, appellant, against Federal Underwriters Exchange, to recover compensation insurance for total permanent disability resulting from an injury alleged to have been received by him in the course of his employment as an employe of the Burrus Lumber Company.

The defendant answered, and specifically alleged that the injury received by ap-pellant was not sustained in the course of his employment, but that same was caused by his willful intention and attempt to unlawfully injure another person.

The case was tried to a jury, but at the close of the evidence, on motion of ap-pellee, the court instructed the jury to return a verdict for appellee, which was done and judgment entered in its favor. This appeal is from that judgment.

On November 28, 1938, the Burrus Lumber Company was operating a sawmill manufacturing lumber. Appellant and one Edgar Terrell were two of its employees. Appellant worked at rolling logs onto a conveyor chain that carried logs from a pile where they were unloaded from railway cars. Sometimes when a log was thrown on the chain it would twist around crooked and would have to be pulled straight before it could be carried on the chain. Edgar Terrell worked as a "tong hooker"—tong the logs and pull or twist them into the position sought. Some of the logs became out of position and Mr. Roy J. Christian, who was in charge of the loading machine—handling logs for the mill, and under whom Lonzo Samuel and Edgar Terrell worked—told Terrell to go try to straighten out some of the logs that had been thrown down from the car on the pile where Samuel was placing them onto the chain so as to help Samuels; Terrell went down to "hook" the logs, and Samuel began talking to him—the nature of the talk was such as we refrain to state it— and Terrell struck Samuel with his fist and they fell to the ground fighting. Almost immediately—two or three minutes Mr. Christian estimated—another of the employees pulled Terrell off of Samuel. Terrell immediately after he was pulled off of Samuel left the scene of the fight and walked around the pond and pile of logs and on up near the car from which he had been unloading logs when he was told by Mr. Christian to go and help Samuel, where he stopped. Samuel, immediately after he got up when Terrell left him, went some 15 or 20 steps (under the mill) and picked up an iron rod one-half inch in diameter and (estimated by Mr. Christian at "about three and a half or four feet long," which was about "15 or 20 steps from where scuffling") and followed Terrell to where he, Terrell, had stopped by the log car where he had been unloading logs, with the iron bar in one hand drawn back as if to strike; he also had drawn his

pocket knife out of his pocket and had it open in his other hand drawn up in front of his chest in a striking attitude. When he, Samuel, got to within about three feet of Terrell he stopped. In the meantime while Samuel was following Terrell, or advancing on him, he, Terrell, picked up a piece of two by four scantling about four feet long and drew it back as if to strike, and called on Samuel to stop and that if he did not stop and leave him alone, he, Terrell, would hit him. At that time Samuel did not stop but continued to advance until he was within some three feet of Terrell when he stopped. As Samuel advanced toward Terrell, Terrell backed some two or three steps to against the log car. Mr. Christian described that portion of the occurrence: "Q. You mean that Lonzo went at him? A. Yes, sir, with the bar of iron. He (Terrell) got up against a car there, and Edgar told him if he didn't go on and let him alone he was going to hit him, and the negro just kept walking over to him, and Edgar hit him over the head with a piece of two by four about three and a half or four feet long"—knocking him unconscious and seriously injuring him.

Samuel said nothing while he was following Terrell Terrell picked up the two by four where he was standing by the log car. The interval of time between the first fight when Terrell knocked Samuel down and got on him and was striking him with his fist and was pulled off, and when Samuel was knocked down by the two by four scantling, was variously estimated at from three or four minutes to five or ten minutes. The record does not reflect that any other roughness had ever occurred between them.

The controlling question is: Did Terrell in good faith abandon the fight when he left the scene after knocking Samuel down and was pulled off of him and went back to his place of work at the log car, or was the second affair when Samuel was knocked down by Terrell striking him with the two by four but a continuance of the original affray? Appellee contends that Terrell had completely abandoned the fight, and that Samuel then armed himself with the iron rod and pocket knife and followed Terrell some 30 or 35 steps from the place of the first fight to where he had returned to his work, intending to unlawfully assault and injure him because of what had happened in the beginning, and that Terrell was compelled to strike him in his own proper defense. Appellant insists that there had been no abandonment of the fight by Terrell, but that it was all one continuous affair. Both parties cite decisions which they insist support their contentions. Because of the conclusion we have reached, we will not discuss them.

Unquestionably the trouble arose in the discharge of the work they were then performing in the course of their employment. In passing upon the correctness of the court's taking the case from the jury, we will not consider any conflict of the evidence brought about by the evidence offered by appellee. We have set out the substance of the evidence offered by appellant from apparently unbiased witnesses. Both Samuel and Terrell testified. We have omitted the substance of their testimony, though there was no serious conflict in their statements, except upon the abandonment feature of the fight. If the evidence stated above is such that the minds of reasonable persons could reach but one conclusion, namely: that Terrell had abandoned the fight, and that Samuel had armed himself with the iron bar and knife and pursued him with the willful intent then and there to unlawfully assault and injure him, then the court's action in directing the verdict was proper; while on the other hand, if the minds of reasonable persons, in considering the evidence, could or might reach the conclusion that Terrell had not abandoned the fight, and that the whole affair was but one continuous fight, then the question of abandonment was one of fact to be determined by the jury and it was error for the court to take the case from the jury.

From a careful consideration of the whole evidence, we have concluded that reasonable minds might differ as to the question of abandonment, and so we reverse the judgment and remand the case for another trial. We refrain from a discussion of the evidence or of the decisions cited.

The judgment is reversed and the cause remanded.

WALKER, Chief Justice, and COMBS, Justice.

To make the position of the court clear on the issues of law arising on the facts of this case, we add the following conclusions to the able opinion prepared by Mr. Justice O'QUINN:

On the evidence as a whole, there is no issue against the conclusion that the fight, in its origin, had to do with and originated in the work of Burrus Lumber Company, and that the beginning of the fight originated while appellant and Terrell were engaged in and about the furtherance of the business of Burrus Lumber Company—all within the provisions of second Subsection 4 of Sec. 1, of Article 8309, R.C.S. 1925: "An injury caused by the employe's willful intention and attempt to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employe while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." But appellant was not injured in the first stages of the fight. Had he been injured at that time there would be no issue of law against his claim as a compensable injury. Appellee so concedes. He was injured some moments later, after Terrell had walked away from the place where the fight originated. Judge O'Quinn gives the facts on this point.

Now the point at issue is whether appellant's injury was caused by an attempt on his part to "unlawfully injure" Terrell. As a construction of the law of the facts of this case on this issue, Justice O'QUINN advances the two following propositions: (1) " * * * if the minds of reasonable persons, in considering the evidence, could or might reach the conclusion that Terrell had not abandoned the fight," then whether appellant's claim is compensable is a question of fact for the jury. This issue must be determined from appellant's point of view since his actual intent at the time of his injury is the controlling question. If, on the evidence as a whole, a reasonably prudent man, situated as was appellant, would have believed that Terrell had not abandoned the fight, then appellant was not injured in an unlawful attempt to injure Terrell within the meaning of second Sub-section 4, Section 1, of Art. 8309, copied above.

We give Justice O'QUINN'S second proposition that if "the whole affair was but one continuous fight," then whether appellant's claim is compensable is a question of fact for the jury. In order to convict appellant, as a matter of law, of an attempt to "unlawfully injure" Terrell, thereby taking his claim out of our Workmen's Compensation Act, it must so clearly appear under all the facts and circumstances in evidence that reasonable minds could reach but the one conclusion that appellant's act in approaching Terrell just before he was injured, armed and with threatening gestures, was voluntary and that his mind was functioning with sufficient normality to form a design and willful intent to injure Terrell. If appellant's act in arming himself after he had been struck by Terrell and following Terrell to the place where Terrell struck and injured him were in response to a passion beyond his control, aroused by the assault made upon him by Terrell, and which completely overturned his reason from the time he started to approach Terrell until Terrell struck him, then his assault on Terrell—his approach to Terrell with threatening gestures—must be regarded as involuntary, and as free of that criminal or intentional element necessary under second Sub-section 4, of Sec. 1, of Art. 8309, to preclude his right to recover. In this conclusion we have used in substance the language of the court in Indemnity Ins. Co. of North America v. Scott, Tex.Com.App., 298 S.W. 414. See also Casualty Rec. Exchange v. Parker, Tex.Com.App., 12 S.W.2d 536; Cherry v. Magnolia Pet. Co., Tex.Com.App., 45 S.W.2d 555; Consolidated Underwriters v. Scott, Tex.Civ.App., 272 S.W. 520; Traveler's Ins. Co. v. Culpepper, Tex.Civ.App., 82 S.W.2d 1054. Construing these cases, Lawler in Texas Workmen's Compensation Law, says, page 143: "From a consideration of these cases, it would seem that the reason for refusing recovery in any case held to fall within the operation of one of the exceptions, is that the injury received bore no causal relation to the conditions of the employment." The controlling proposition of law in this case is whether the injury received by appellant bore a causal relation to the conditions of his employment, and this issue must be determined on the principles of law discussed above.

The court is in agreement that error was committed in instructing the verdict against appellant, and in Justice O'QUINN'S conclusion that the judgment of the lower court should be reversed and the cause remanded for a new trial.